William E. Durham
#1740286 / Ramsey One Unit
1100 FM 655
Rosharon, Texas 77583

DECEMBER 11, 2015

Texas Court of Criminal Appeals          Re: Ex Parte Durham
Abel Acosta, Clerk                             WR-30,830-17
P.O. Box 12308, Capital Station
Austin, Texas 78711

Dear Mr. Acosta,

   Greetings sir, First, I am in reciept of the white card dated
11/30/2015 .

   Secondly, enclosed, please find my Petition to the court with
regards to a Due Process issue.

   More specifically,, I waited over six months for the trial court
to render it's decision on my Habeas Application. The trial court
intentionally delayed my writ and now a very important person
in this application has been killed in a Bicycle accident, and
now I will never be able to have his testimony with respects
to his role in my appeal, as I have this person (Alvin Saenze)
who was my Appeal lawyer, listed as being ineffective during
my appeal and had the Liberty County Officials taken care of
their business on my 11.07 chances are I could have had Mr. Saenze's
affidavit on my case.

   Please sir, present this Petition to the Honorable Court for
consideration and I thank you very much for your time and all
you do.

RECEIVED IN
COURT OF CRIMINAL APPEALS

                              Respectfully submitted,

                                           William Durham

     DEC 15 2015


Abel Acosta, Clerk

Ex Parte William Durham,    §        In the Court of
   Petitioner, Pro Se        §        Criminal Appeals
                             §        of Texas
                             §        at Austin

============================================================

## PETITIONER'S CLAIM OF DUE PROCESS VIOLATIONS AS A RESULT OF THE TRIAL COURTS INTENTIAL DELAY IN RESPONDING TO HIS TCCP 11.07 HABEAS APPLICATION (PETITIONER'S APPELLANT COUNSEL WAS KILLED 12/07/15)

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now William E. Durham, Petitioner Pro Se int he above en-titled and numbered cause and respectfully submits this allegation of the court's intential delay now cuasing this petitioner to lose a valuable witness to the allegations made in his Habeas Application and in support of such will show the following:

1. Petitioner filed his Habeas Corpus 11.07 on June 12, 2015 and the State was served on June 19th, 2015.

2. The Trial Court never entered an Order Designating Issues (ODI).

3. Petitioner was forced to file a Mandamus against the clerk of Liberty County with this Honorable Court of Criminal Appeals and the Court of Criminal Appeals held the Application in abeyance on October 17, 2015.

4. On December December 7, 2015, while watching news in Prison this Petitioner learned that Attorney at Lawy Alvin Saenze was killed in a bicycle accident in Clear Lake, Texas.

5. Petitioner asserts that this Lawyer (Alvin Saenze) was appointed as his Appeal Lawyer on this instant offense and that Petitioner made several allegations of error against his appeal lawyer in his Writ of Habeas Corpus of Ineffective Assistance of Counsel during his direct appeal with regards to issues of Witness tampering during Petitioner's trial.

6. Petitioner , in sum with the foregoing, has done nothing to any measurable extent or degree to prevent or delay those rules that govern Tex. Code of Crim. Procedure §11.07. Moreover, the length of time that has expired between the petitioner filing of his Habeas Application in June of 2015 and the CCA order for the clerk to furnish them with the Habeas Application in inexcusable when considered in context that it is the duty of the Trial Court to under Article 11.07, that the state shall answer an application within 15 days of the date it recives a copy. TEX. CODE CRIM. PROC. art. 11.07 § 3 (b). If the Trail Court determines that there are controverted, previously unresolved facts materiall to the legality of applicants confinement, it shall enter an ODI within 20 days of the expiration of the time the state is allowed to answer. §3(d).

7. Petitioner proffers that had the Trial Court conducted the Habeas Corpus review as proscribed by law, this Petitioner would have been afforded an opportunity to have Alvin Seanze enter an affidavit apprising this Honorable Court of his position with repsect to the allegations made in Petitioners Habeas Application.

8. As it now stands this petitioner has forever lost his chance to have his appelant counsel enter an affidavit in this cause and it clearly obvious that ahd the Trial Court conducted it's business in a legal an ethical manner this situation could have been avoided and as a direct result of such indolence this petitioner has now been denied his Due Process of law.

9. In addition the Petitioner can readily discern of no justification that state can proffer for the lengthy period of time that has elapsed under the circumstances of this case. Whereby, the blame for the delay, coherently falls on the state and the Due Process denial is a direct result of the Trial courts intential inaction intended to delay and discourage this petitioner from pursuing his Habeas Application has now caused an irrepairable harm in this quest for justice.

## PRAYER

Petitioner respectfully prays that this Honroable court, in all it's wisdom, give justice where it is due and grant this Habeas application and remand it for an evidentiary hearing or in the alternative issue an aqutial herein, so prayed.

I william Durham, Author if this Petition state under the penalty of perjury that everything entered within this document is true and correct to the very best ofhis knowledge and entered under the penalty of perjury.

## VERIFICATION

Petitioner states that he does not have ways to obtain copies of this petition and tenders unto this Honorable court that he has not supplied the trial court with a copy of this document.

Respectfully, _William Durham_

William Durham